The Honorable Robert S. Lasnik

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

TERI SALLY,

    Plaintiff,

v.

DOLLAR TREE, INC.,

    Defendant.

NO. 2:26-CV-1612-RSL

**ORDER DENYING MOTION TO STAY INITIAL CASE DEADLINES**

This matter comes before the Court on "Defendant Dollar Tree, Inc.'s Motion to Stay Initial Case Deadlines." Dkt. 18. Defendant moves for "an extension of the initial case deadlines set by the Court to hold a Rule 26(f) Conference, serve Initial Disclosures, and file a Joint Status Report" pending resolution of its motion to compel arbitration. *Id*. at 1. Those are the only deadlines identified in the motion's request for relief. *Id*. at 6. In reply, however, defendant states that it has since participated in the Rule 26(f) conference, serve

ORDER DENYING MOTION TO STAY INITIAL CASE DEADLINES

- 1

initial disclosures, and drafted the joint status report and discovery plan. Dkt. 23 at 4. Accordingly, the specific relief defendant requests is moot.[1]

Defendant's broader concern appears to be that plaintiff may seek merits discovery before the Court resolves the motion to compel arbitration. But defendant did not move for a stay of all merits discovery, and no concrete discovery dispute is presently before the Court. Plaintiff's opposition focuses primarily on her asserted need for threshold discovery regarding the alleged arbitration agreements, including formation, enforceability, scope, and assent. Dkt. 22. Defendant responds that plaintiff has already opposed the arbitration motion without moving for targeted arbitrability discovery or seeking an extension of her response deadline. Dkt. 23 at 3–4. Those arguments may bear on the pending motion to compel arbitration or on any properly presented request for arbitrability discovery, but they do not require the Court to decide an unripe discovery dispute in the context of a motion directed to initial case deadlines that have already passed or been satisfied.

//

//

//

---

[1] Defendant noted the instant motion for consideration just three days before the parties' joint status report was due. As a result, the parties were effectively required to comply with their Rule 26(f) obligations before the Court had an opportunity to resolve the motion.

ORDER DENYING MOTION TO STAY INITIAL CASE DEADLINES

- 2

For the foregoing reasons, defendant's motion to stay initial case deadlines is DENIED as moot.

Dated this 30th day of June 2026.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER DENYING MOTION TO STAY INITIAL CASE DEADLINES
- 3